UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YAROSLAV SURIS, on behalf of himself and all others similarly situated,

                                    Plaintiff(s),

       -against-

COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC.,
                                    Defendant(s).
-----------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Case No.: 1:20-cv-06096-RRM-JRC

Mitchel Segal, Esq., being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of the Law Offices of Mitchell S. Segal P.C., attorney for Plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I make this affirmation pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55.2 in support of Plaintiff's application for the entry of a default judgment against Defendants.

3. This is an action to recover damages owed by Defendants to Plaintiff for: (1) for violations of Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181; 42 U.S.C. § 12182, *et seq.,* 42 U.S.C. § 12182 (b)(l)(A)(i); 42 U.S.C. § 12182(b)(l)(A)(iii); 42 U.S.C. § 12182(b)(2)(A)(ii); 42 U.S.C. § 12182(b)(2)(A)(iii); 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.101

*et seq.*, 28 CFR § 36.201(a); 42 U.S.C. § 12181(7); 28 C.F.R. § 36.303(c); 28 C.F.R. § 36.303 (b)(1), N.Y. Exec. Law § 296, *et seq.*, 42 U.S.C. § 12188(a)(1) entitling the Plaintiff to injunctive relief enjoining the Defendants' discriminatory acts, declaratory relief and attorney fees, costs and disbursements; (2) for violations of the New York State Human Rights Law ("NYSHRL"), as amended, Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c*) et seq.*, entitling the Plaintiff, the Class and the Subclass to recover from the Defendants (i) damages, (ii) civil penalties and fines for each and every discriminatory act, and (iii) reasonable attorney fees and costs and disbursements; (3) for violations of N.Y. Civil Rights Law ("NYCRL") § 40 *et seq*. entitling the Plaintiff, the Class and Subclass to recover from Defendants: (i) damages of five hundred dollars for each and every discriminatory act, (ii) civil penalties and fines, (iii) reasonable attorney fees and costs and disbursements; (4) for violations of N.Y.C. Human Rights Law ("NYCHRL") Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a), entitling the Plaintiff, the Class and the Subclass to recover from Defendants: (i) damages for their injuries and loss, (ii) punitive damages, (iii) civil penalties and fines for each offense, (4) attorney fees along with costs and disbursements.

4. This action was filed commenced on December 15, 2020, pursuant to Plaintiff's Complaint which was properly served. Doc. #1. A copy of the Summons and Complaint having been personally served on the Defendants, COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC. on December 24th, 2020 at 03:15 pm at Secretary of State of New York State, Department of State, 99 Washington Avenue, Albany, New York 12207 by James Boland on COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC. pursuant to N.Y. CPLR 308 (1) in accordance with F.R.C.P. (4)(e)(1). Doc. #5,6.

5. The time for the Defendants, COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC. to answer or otherwise move with respect to the Complaint herein has expired.

6. The Defendants, COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC., have not answered or otherwise moved with respect to the Complaint, and the time for Defendants COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC. to answer or otherwise move has not been extended.

7. That Defendants COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC. default has been noted by the Clerk of Court. A copy of the Certificate of Default is attached hereto.

8. The Defendants COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC. are indebted to Plaintiff, YAROSLAV SURIS, in the following manner:

a.  Plaintiff is legally deaf and is disabled as defined in the American with Disabilities Act under 42 U.S.C. §12102(1)-(2), 28 C.F.R. §36.101, the New York State Human Rights Law, the New York Civil Rights and the New York City Human Rights Law.

b.  At all times relevant to this Complaint, Plaintiff and other disabled individuals deaf and hard of hearing individuals are aware that the Website, www.collive.com is non-compliant at this time and that they have been discriminated against by the Defendants;

c.  The Defendants have discriminated against the Plaintiff, the Class and the Subclass as it has denied deaf and hard of hearing individuals an equal opportunity to participate and benefit from Defendants' goods, services, facilities, privileges, advantages and/or accommodations, in violation of 42 U.S.C. § 1282(b)(1)(A).

d.  The Defendants have failed to provide closed captioning on its Website making videos contained on its Website non-accessible to deaf and hard of hearing individuals.

e.  The Defendants' actions or lack of actions are discriminatory acts against the Plaintiff, the Class and the Subclass as it has denied deaf and hard of hearing individuals an equal opportunity to participate and benefit from Defendants' goods, services, facilities, privileges, advantages and/or accommodations, in violation of 42 U.S.C. § 1282(b)(1)(A).  Additionally, the Defendants failed to make reasonable modifications in policies, practices and procedures when necessary to afford the Plaintiff, the Class and Subclass such goods, services, facilities, privileges, advantages or accommodations in violation of 42 U.S.C. § 1282(b)(2)(A)(ii) and failed to take necessary steps to ensure that the Plaintiff and other deaf and hard of hearing individuals are not excluded, denied services, segregated or treated differently than others because of the absence of auxiliary aids and services, including the use of closed captioning on its Website.

f.  The Defendants have denied full and equal access to the Plaintiff and other deaf and hard of hearing individuals to its Website by having barriers to their services and accommodations while providing access to their services and accommodations to non-deaf and hard of hearing individuals.

g.  The New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§290 *et. seq.* covers the action of the Defendants.

h.  Defendants' actions violate Article 15 of the N.Y. Exec. Law§ 296(2)(a) by discriminating against the Plaintiff and the Class, including the Subclass by (i) owning and operating the Website that is inaccessible to deaf and hard of hearing persons; and (ii) by not removing access barriers to its Website in order to make its videos accessible to the deaf and hard of hearing when such modifications are necessary to afford facilities, privileges, advantages or accommodations to

individuals with disabilities. This inaccessibility denies the deaf and hard-of-hearing full and equal access to the facilities, goods and services that the Defendants make available to individuals who are not deaf or hard of hearing. Article 15 of the N.Y. Exec. Law§ 296(2)(c).

j.  The Defendants intentionally and willfully failed to remove the barriers on their Website discriminating against the Plaintiff and Subclass preventing access in violation of CVR §40.

k.  The New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§8-101 *et. seq.* applied to the conduct of the Defendants as the Defendants own and operated the Website and are persons under the law.

9.  The willful and intentional non-removal of the Websites' barriers of access for the Plaintiff, the Class and the Subclass by the Defendants discriminate against the deaf and hard of hearing by denying them full and equal access to the facilities, goods, and services that Defendants make available to the non-deaf and hard of hearing individuals.  It is discriminatory for the Defendants "not to provide a reasonable accommodation to enable a person with a disability to …. enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

10.  The Defendants have failed to take any steps to halt and correct its discriminatory conduct and discriminates against and will continue to discriminate against the Plaintiff and the Subclass members.

**WHEREFORE**, Plaintiff YAROSLAV SURIS requests that a default judgment be entered in favor of Plaintiff YAROSLAV SURIS, the Class and the Sub-Class against Defendants, COLLIVE CORPORATION and COLLIVE MEDIA GROUP INC.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to Plaintiff, that no part thereof has been paid, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or included in this action

Dated: Manhasset, New York
       June 22, 2021                  Respectfully submitted,

                                          /s/   Mitchell Segal

                                        Mitchell Segal, Esq.
                                        Law Offices of Mitchell S. Segal, P.C.
                                        Attorney For Plaintiff
                                        1129 Northern Boulevard, Suite 404
                                        Manhasset, New York 11030
                                        Tel.: (516) 415-0100
                                        Fax: (516) 706-6631
                                        msegal@segallegal.com