UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
YAROSLAV SURIS, on behalf of himself and all          :
others similarly situated,                            :
                                                      :
                              Plaintiff,              :       REPORT AND
                                                      :       RECOMMENDATION
          -against-                                   :
                                                      :       No. 20-CV-06096-AMD-JRC
                                                      :
COLLIVE CORPORATION and COLLIVE MEDIA        :
GROUP INC.,                                           :
                              Defendants.             :
-------------------------------------------------------------------- x
JAMES R. CHO, United States Magistrate Judge:

## Introduction

Plaintiff Yaroslav Suris ("plaintiff") commenced this action against defendants Collive Corporation and Collive Media Group Inc. (collectively, "defendants") for failing to provide closed captioning in videos on defendants' website.  When defendants failed to file an answer or otherwise appear in this action, a certificate of default was entered.  *See* Dkt. No. 10.  Plaintiff thereafter filed the instant motion for default judgment.  *See* Mot. for Default J., Dkt. No. 12.  Currently pending before this Court, on a referral from the Honorable Ann M. Donnelly, is plaintiff's motion for default judgment.  *See* Order Referring Motion dated July 14, 2021.  For the reasons described below, this Court recommends granting in part and denying in part plaintiff's motion for default judgment.

## Background

The following facts are taken from the Complaint (Dkt. No. 1) and assumed to be true for purposes of this motion.  Plaintiff is a deaf individual who resides in Kings County, New York.  Compl. ¶ 6, Dkt. No. 1.  Defendants own and maintain a website with the domain name "www.collive.com" and the website provides "Orthodox Jewish news, music productions,

classes and other videos." *Id.* ¶ 22.  Defendants also own and lease physical offices and held a large street concert in Brooklyn to celebrate the tenth anniversary of the website.  *See id.* ¶ 3. Because plaintiff is deaf, he cannot access video content unless the voice content is turned into readable content through closed captioning.  *See id.* ¶ 39.  The website does not provide closed captioning on most of its videos, and, therefore, when plaintiff attempted to access these videos, on and around October 25, 2020, he was unable to do so.  *See id.* ¶¶ 7-12.

On December 15, 2020, plaintiff filed a Complaint against defendants on behalf of himself and others similarly situated for claims of discrimination under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rights Law § 40 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), New York City Admin. Code § 8-107(4)(a).  *See* Dkt. No. 1.  Defendants were served on December 24, 2020 and their response to the Complaint was due January 14, 2021.  *See* Dkt. Nos. 5-6.  Defendants failed to appear in this action and failed to respond to the Complaint.  Upon a request from the plaintiff, the Clerk of Court issued a certificate of default.  *See* Certificate of Default, Dkt. No. 10.  On June 25, 2020, plaintiff filed a motion for default judgment.  *See* Mot. for Default J., Dkt. No. 12. The Honorable Ann M. Donnelly referred plaintiff's motion for default judgment to this Court. *See* Order Referring Motion dated July 14, 2021.

## Discussion

### I.  Default Judgment

Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps to entering a default judgment.  First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case.  *See* Fed R. Civ. P. 55(a) (providing that

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default").  This first step is nondiscretionary.  *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).  Second, after the Clerk of the Court enters a defendant's default, the Court may enter a default judgment.  *See* Fed R. Civ. P. 55(b).  Here, on April 21, 2021, the Clerk of the Court entered a certificate of default against defendants after they failed to appear.  *See* Certificate of Default, Dkt. No. 10.

"Default judgments are 'generally disfavored and are reserved for rare occasions.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (*quoting Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." *Enron Oil*, 10 F.3d at 95-96.  Thus, in light of the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party.  *See id*.  Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because defendants are in default.  *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

Once the Clerk enters a certificate of default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).  A fact is not considered "well-pleaded,"

however, "if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice, or is contrary to uncontroverted material in the file of the case." *Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-03259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (internal quotation marks omitted).  Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound discretion."  *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).  The Court now assesses the propriety of a default judgment for each of plaintiff's claims in the Complaint.

## II.      Liability

Plaintiff moves for default judgment on his claims under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL.  For the reasons set forth below, this Court concludes that plaintiff properly alleges facts giving rise to liability under applicable federal, state and municipal laws.

### A.      Americans with Disabilities Act

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that "(1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA."  *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

Plaintiff has established a *prima facie* ADA claim.  First, as plaintiff is deaf, he has a

disability within the meaning of the ADA. *See Stone v. Manhattan & Bronx Surface Transit Operating Auth.*, 539 F. Supp. 2d 669, 677 (E.D.N.Y. 2008), *aff'd sub nom. Stone v. U.S. E.E.O.C.*, 350 F. App'x 525 (2d Cir. 2009) (noting that the ADA defines disability as "a physical or mental impairment that substantially limits one or more of an individual's major life activities," such as "hearing").

Second, defendants' website is "a place of public accommodation." 42 U.S.C. § 12182. This Court recognizes that there is a split across Circuits, and within this District, over whether a website is a "place of public accommodation" under the ADA. *See Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 391 (E.D.N.Y. 2017). While the Second Circuit has not specifically ruled on this issue, in an analogous case, *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2d Cir. 2000), the Second Circuit prohibited an insurer from discriminating in the sale of insurance policies under the ADA even though the plaintiff was not challenging the insurer's physical accessibility. *See id.* at 32 ("Title III's mandate that the disabled be accorded 'full and equal enjoyment of the goods, [and] services . . . of any place of public accommodation,' suggests to us that the statute was meant to guarantee them more than mere physical access." (internal citations omitted)). Many courts following the Second Circuit's approach in *Pallozzi* have held under the same rationale that websites are "places of public accommodation" under the ADA. *See Andrews*, 268 F. Supp. 3d at 398 (collecting cases and discussing the rationale for a holding that a website is a place of public accommodation under the ADA); *see also Panarese v. Sell It Social, LLC*, No. 19-CV-3211, 2020 WL 4506730, at *4 (E.D.N.Y. July 2, 2020), *report and recommendation adopted*, 2020 WL 4505703 (E.D.N.Y. Aug. 5, 2020); *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509, 2021 WL 1198960, at *2 (S.D.N.Y. Mar. 30, 2021) (granting default in case where defendant failed to provide videos with closed captioning on its

website); *Dominguez v. New York Equestrian Ctr., Ltd.*, No. 18-CV-9799, 2020 WL 5796275, at *2 (S.D.N.Y. Sept. 28, 2020).

Further, even where Courts have held that specific websites are not places of public accommodation under the ADA, Courts have distinguished between websites of defendants that operate physical spaces open to the public, such as a retailer, and those that do not, such as a newspaper publisher. *See Suris v. Gannett Co.*, No. 20-CV-1793, 2021 WL 2953218, at *1 (E.D.N.Y. July 14, 2021) ("Although a website is not specifically listed among the categories, courts in this Circuit have held that a retailer's website may be covered by the Act."); *Winegard v. Newsday LLC*, No. 19-CV-04420, 2021 WL 3617522, at *8 (E.D.N.Y. Aug. 16, 2021) ("At most, therefore, *Pallozzi* supports the conclusion that websites are swept up in Title III when they offer the same 'goods and services' as the business's brick-and-mortar operation.  Other courts have reached similar conclusions in applying the ADA to the websites of businesses that do maintain public-facing, physical storefronts (unlike Newsday)").

Here, plaintiff alleges that defendants have public facing, physical operations. *See* Compl. ¶¶ 25, 27, 40.  Plaintiff further notes that defendants held a large street concert and festival in Brooklyn, New York to commemorate the tenth anniversary of the website. *See* Compl. ¶ 3; Pl.'s Supplemental Letter dated October 5, 2021, Dkt.14 at 2.  The Court finds the plaintiff's claims that defendants operate physical, public facing accommodations well-pleaded.  Given that well-pleaded allegations are to be deemed as true in default judgment proceedings, this Court accordingly concludes that defendants' website is a place of "public accommodation" under the ADA.[1]

---

[1] Recent cases in this District holding that defendants' websites are not places of public accommodation under the ADA were in a different procedural posture.  In those cases, the Court was able to adjudicate the claims on the merits, and did not have to give well-pleaded allegations

Third, defendants have discriminated against plaintiff by denying him full and equal opportunity to use the website. *See* 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations . . . ."). Defendants are liable under the ADA for discrimination because they "[failed] to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." *Id*. § 12182(b)(2)(A)(iii). "For the hearing impaired, legally sufficient auxiliary aids and services may come in the form of 'qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments.'" *Sullivan v. Study.com LLC*, No. 18-CV-1939, 2019 WL 1299966, at *3 (S.D.N.Y. Mar. 21, 2019) (*citing* 42 U.S.C. §12103(1)(A)). Plaintiff has sufficiently alleged that defendants have failed to provide "legally sufficient auxiliary aids," such as closed captioning, to make the videos accessible to deaf individuals. *See Winegard*, 2021 WL 1198960, at *3. Thus, plaintiff has stated a claim for relief under the ADA.

### B.    Claims under State and Municipal Laws

Plaintiff alleges violations of the NYSHRL, N.Y. Exec. Law § 296(2)(a)[2] (Second Cause

---

the same weight. For example, in *Suris*, 2021 WL 2953218, at *2, and *Winegard*, 2021 WL 3617522, at *9, the Court adjudicated the cases on motions to dismiss. The recommendation in this case may be different if defendants had disputed whether they operated a physical, public-facing space.

[2] The New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a), provides as follows:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .

*Id*.

of Action), New York State Civil Rights Law, N.Y. Civ. Rights Law § 40-c[3] (Third Cause of Action), and NYCHRL, New York City Admin. Code § 8-107(4)(a)[4] (Fourth Cause of Action). Plaintiff's state and city claims are based on the same facts underlying his ADA claim.

The elements that establish ADA violations similarly establish violations under state law. "A claim for disability discrimination under NYSHRL and [NYSCRL] is governed by the same legal standards as the ADA." *Ross v. Royal Pizza Cafe Corp.*, No. 17-CV-6294, 2018 WL 6313208, at *4 (E.D.N.Y. Aug. 1, 2018) (citation omitted), *report and recommendation adopted*, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018); *see also Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746, 2020 WL 7481508, at *5 (E.D.N.Y. Aug. 26, 2020) ("[t]he elements that establish liability under the ADA are sufficient to state a claim under the [NYSCRL]") (citation omitted), *report and recommendation adopted*, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020); *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) ("A claim of disability discrimination under the [NYSHRL] is governed by the same legal standards as govern federal ADA claims. Thus, to the extent that [the plaintiff] brings a state-law disability-discrimination claim, it survives or fails on the same basis as his ADA claim." (internal citations omitted)).

"Although different standards govern NYCHRL claims, a one-way ratchet exists where the ADA constitutes a floor below which the City's Human Rights Law cannot fall." *Ross*, 2018

---

[3] Section 40-c of the New York State Civil Rights law provides as follows:  "No person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil right . . . by any other person or by any firm, corporation or institution . . . ."

[4] The NYCHRL, New York City Administrative Code § 8-107(4)(a), provides as follows:
   It shall be an unlawful discriminatory practice for any person who is the owner, . . . agent or employee of any place or provider of public accommodation . . . [b]ecause of any person's actual or perceived . . . disability . . . directly or indirectly . . . to refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation . . . .

*Id.*

WL 6313208, at *4 (internal citations and quotations omitted).

Like his ADA claim, plaintiff moved for a default judgment on the claims under the NYSHRL, the NYSCRL, and the NYCHRL.  Because plaintiff has stated a claim for relief under the ADA, this Court finds that defendants similarly are liable for violating the NYSHRL, the NYSCRL, and the NYCHRL.  *See id.* (holding that "[b]ecause plaintiff has met the standard for establishing liability under the ADA . . . defendant is liable for violating the NYSHRL, [NYSCRL], and NYCHRL, on the basis of the same architectural barriers that establish ADA liability.").

## III.    Remedies

Plaintiff seeks injunctive and declaratory relief, compensatory damages, and attorney's fees and costs.

### A.    Rule 23 Certification

Plaintiff brings his claims on behalf of himself and a putative class of all persons who are deaf and hard of hearing in the United States, as well as subclasses of all persons who are deaf and hard of hearing in New York State and New York City.  *See* Compl. ¶¶ 29-31.  Plaintiff, however, did not file a motion for class certification prior to his motion for default judgment, and his motion for default judgment does not include a request for Rule 23 class certification.  While "[t]here is a general principle that factual allegations in the complaint are deemed admitted by the defendant upon default . . . Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions."  *Winegard*, 2021 WL 1198960, at *2 (*citing Telford v. Ideal Mortg. Bankers, LTD.*, No. CV 09-5518, 2010 WL 3924790, at *4 (E.D.N.Y. Aug. 17, 2010), *report and recommendation adopted*, 2010 WL 3909313 (E.D.N.Y. Sept. 27, 2010) (citations and

quotations omitted)).

Courts cannot award class damages where parties fail to move for class certification prior to a default judgment.  *See Mihelis v. Network Commercial Serv., Inc.*, No. CV-11-2215, 2014 WL 4828875, at *5 (E.D.N.Y. Aug. 8, 2014), *report and recommendation adopted*, 2014 WL 4829062 (E.D.N.Y. Sept. 29, 2014); *see also Winegard*, 2021 WL 1198960, at *2 ("As Plaintiff has failed to file a motion for class certification pursuant to Rule 23, the Court will therefore only consider default judgment for the named Plaintiff").

Here, plaintiff did not move for class certification before moving for default.  Plaintiff also does not request class certification in his motion for default judgment -- only damages on behalf of the class and subclass.  Accordingly, this Court recommends that the default judgment be entered in favor of the named plaintiff only.

### B.    Injunctive Relief

Plaintiff requests an injunction requiring defendants to take steps to make their website accessible to hearing impaired individuals.  "Injunctive relief is available under the ADA in order to rectify violations of access requirements."  *Panarese*, 2020 WL 4506730, at *3.  The ADA explicitly provides that "[i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12188(a)(2).

To issue an injunction, the plaintiff must have standing.  *See Panarese*, 2020 WL 4506730, at *2 ("Standing is an 'irreducible constitutional minimum.'  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)").  A plaintiff has standing in ADA suits to seek injunctive relief for lack of access to a public accommodation where "(1) the plaintiff alleged past injury

10

under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (citations and quotations omitted).  "ADA standing can be established based upon a plausible intention to return to the public accommodation as either a patron seeking to avail oneself of the goods and services offered at the public accommodation or as a tester seeking to determine whether the public accommodation has been rendered ADA compliant." *Panarese*, 2020 WL 4506730, at *2.

Here, plaintiff has standing to seek injunctive relief under the ADA.  As discussed above, the plaintiff has alleged an injury under the ADA.  Moreover, given the nature of the barriers, it is reasonable to infer that, absent a court order requiring remediation, defendants' website will remain inaccessible to plaintiff.  Finally, plaintiff alleges in his Complaint that he "[intends] to revisit [defendants'] Website for content, information and Orthodox Jewish news, classes, and musical productions."  Compl. ¶ 12.  These allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA.

Plaintiff has not submitted a proposed form of injunction with his motion.  Based on the findings above, however, this Court nevertheless recommends that the District Court grant plaintiff's request for an injunction requiring defendants to take steps necessary to make the website accessible to hearing impaired individuals.  *See Winegard*, 2021 WL 1198960, at *3 (ordering the defendant in an analogous case to "bring its website into compliance with the ADA and its implementing regulations.").  This Court further recommends that the injunction require the following:  (1) defendants to submit a proposal to plaintiff's counsel for how they will

remedy the violation discussed above within 60 days; (2) plaintiff to have 30 days from receipt

of the defendants' proposal to consent or seek further relief from the Court; and (3) defendants to

make necessary alterations within 60 days of plaintiff's consent or any rulings on defendants'

proposal. *See Panarese*, 2020 WL 4506730, at *4; *Shariff v. Alsaydi*, No. 11-CV-6377, 2013

WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013).

### C.    Statutory and Compensatory Damages

Plaintiff seeks damages under the NYSHRL, the NYSCRL, and the NYCHRL on behalf

of himself and the class and subclass. Specifically, plaintiff seeks $6,500 in damages for himself

(including $1,500 in damages and $5,000 for services as the lead plaintiff), and $1,500 per

individual in the class or subclass. *See* Memorandum of Law in Support of Plaintiff's Motion for

Default Judgment, Dkt. No. 12-2 ("Pl.'s Mem."), at 14-15. As discussed above, because plaintiff

failed to file for class certification under Rule 23, this Court will only consider damages as for

the individual plaintiff.

In terms of plaintiff's specific damages, under the NYSCRL, plaintiff seeks $500 in

damages. *See* Pl.'s Mem. at 13 ("Plaintiff . . . hereby demand[s] compensatory damages of five

hundred dollars . . . pursuant to N.Y. Civil Law § 40 *et seq.*"); Compl. ¶ 85. Section 40-d of the

NYSCRL provides that defendants who violate the provisions of section 40-c "shall for each and

every violation thereof be liable to a penalty of not less than one hundred dollars nor more than

five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent

jurisdiction in the county in which the defendant shall reside." N.Y. Civ. Rights Law § 40-d; *see*

*also Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867429, at *13 (E.D.N.Y.

Feb. 6, 2013), *report and recommendation adopted as modified*, 2013 WL 867420 (E.D.N.Y.

Mar. 7, 2013) (internal quotations and citations omitted). As discussed above, plaintiff's

12

allegations are sufficient to establish a violation of Section 40-c.  Plaintiff has provided notice to the Attorney General of his lawsuit, as required by § 40-d.  *See* Compl. ¶ 77.  Thus, this Court recommends that plaintiff be awarded $500 in damages under the NYSCRL.

Plaintiff further seeks $1,000 in damages presumably under the NYCHRL[5] as he cites a finding by the New York City Human Rights Commission in support of that award amount.  *See* Pl.'s Mem. at 14 ("New York City Human Rights Commission has determined that a $1000.00 award to be sufficient . . . ."); *see also Shalto,* 2013 WL 867429, at *10 ("New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.") (internal quotations and citations omitted).  Moreover, Courts in this Circuit have found an award of $1,000 to be appropriate in similar cases.  *See, e.g., Thompson* 2016 WL 9583995, at *3 (awarding $1,000 where plaintiff did not establish any particular damages other than "embarrassment and discomfort"); *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *6 (E.D.N.Y. Dec. 20, 2013) (both the NYSHRL and NYCHRL provide for compensatory damages; awarding $1,000 where plaintiff did not establish any particular damages other than that he felt discriminated against).  Given that plaintiff has not identified with any particularity the basis for his alleged damages, this Court, consistent with decisions in comparable cases, recommends that plaintiff be awarded $1,000 in compensatory damages under the NYCHRL.

Finally, plaintiff argues that he is entitled to punitive damages under the NYCHRL, but does not request a specific amount.  *See* Pl.'s Mem. at 14.  Punitive damages are available under

---

[5] The NYSHRL also provides for compensatory damages.  *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-3716, 2016 WL 9583995, at *3 (E.D.N.Y. Dec. 23, 2016).  Plaintiff, however, does not set forth the amount of damages he seeks under the NYSHRL.

the NYCHRL where "the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 30 N.Y.3d 325, 329 (2017) (internal quotation marks and citation omitted). Here, plaintiff's allegations do not establish that defendants have been "willfully or wantonly negligent, reckless, or has consciously disregarded the rights of others or engaged in conduct so reckless as to amount to such disregard." *Id*. This Court, therefore, recommends denying plaintiff's request for punitive damages.

### D.    Attorney's Fees and Costs

Plaintiff seeks to recover $1,860.77 in attorney's fees and $635.93 in costs. *See* Pl.'s Mem. at 17. The ADA allows a prevailing party to recover reasonable attorney's fees and costs. *See* 42 U.S.C. § 12205; *see also Shariff*, 2013 WL 4432218, at *4.

### 1.    Attorney's Fees

Plaintiff seeks to recover $1860.77 in attorney's fees. Plaintiff has submitted time records to support his fee application. *See* Mitchell S. Segal, P.C. Statement for Legal Services, Dkt. No. 14-1 ("Time Records"). These records show that plaintiff's counsel billed a total of approximately 4 hours and 50 minutes or 290 minutes[6] at a rate of $385 per hour. *See id*.

The ADA permits a plaintiff to recover reasonable attorney's fees. To determine whether attorney's fees are reasonable, Courts consider both the hourly rate and number of hours worked. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts determine whether an attorney's hourly rate is reasonable by considering what a reasonable paying client would be willing to pay

---

[6] While attorneys typically bill in increments of 6 or 15 minutes, it appears from plaintiff's counsel's time records that he billed by the minute. The time records include references to ".25," ".35," ".10," ".20," and ".05." *See* Dkt. 14-1. Based on plaintiff's counsel's calculations, it appears that these figures refer to minutes worked (*i.e.*, 25, 35, 10, 20, and 5 minutes, respectively).

and by looking at the attorney's experience.  *See Shariff*, 2013 WL 4432218, at *5.

Here, plaintiff's counsel has been a practicing attorney for 36 years and has spent the last 25 years as a solo practitioner primarily handling ADA and employment class and collective actions.  *See* Pl.'s Mem. at 16.  The requested hourly rate of $385 appears reasonable for an attorney in the Eastern District of New York.  *See Shariff*, 2013 WL 4432218, at *5 (collecting cases finding that attorney's fees of between $300 and $400 are reasonable in this District); *Whitney v. JetBlue Airways Corp.*, No. 07-CV-1397, 2009 WL 4929274, at *7 (E.D.N.Y. Dec. 21, 2009) ("[R]ates of $300 to $400 per hour for partners have been considered reasonable in the Eastern District").

Next, this Court must determine that the hours billed were also reasonable.  Courts award fees only for hours that are "reasonably expended."  *Hensley*, 461 U.S. at 433.  Plaintiff's counsel submitted an itemized time sheet showing that he spent 4 hours and 50 minutes on, among other things, drafting a complaint and motion for default judgment, reviewing court orders, and meeting with his client.  *See* Time Records (Dkt. No. 14-1).  The time sheets show, however, that plaintiff's counsel billed at partner-level rates for time spent e-filing documents. *See id*.  Courts routinely reduce awards for "non-legal or ministerial tasks that need not be performed by -- or billed at the rate of -- [an experienced] lawyer."  *Harty v. Par Builders, Inc.*, No. 12-CV-2246, 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016); *see also Winegard*, 2021 WL 1198960, at *4; *Monette v. Cty. of Nassau*, No. 11-CV-539, 2016 WL 4145798, at *8 (E.D.N.Y. Aug. 4, 2016) (collecting cases).

Here, plaintiff's counsel billed $96.25 for the 15 minutes he spent e-filing documents. This Court recommends compensating plaintiff's counsel for the 15 minutes he spent e-filing documents at the clerical rate of $75 per hour (or $18.75 for the 15 minutes spent e-filing

documents).  *See Grinblat v. H & 6 Assoc. Inc.*, No. 19-CV-2034, 2020 WL 7000347, at *5 (E.D.N.Y. July 10, 2020).  Thus, the Court recommends that plaintiff be awarded fees in the amount of $1,783.27, instead of $1,860.77.

> ### 2.    Costs

Plaintiff seeks to recover litigation-related costs in the amount of $635.93, including the $402 filing fee and $233.93 for service of process.  *See* Time Records, Dkt. 14-1; Exhibit C -- Costs and Disbursements, Dkt. No. 12-6 ("Costs and Disbursement Records").  These expenditures are verified by plaintiff's submissions.  *See id*.  Thus, this Court recommends that plaintiff be awarded costs in the amount of $635.93.

### Conclusion

For the reasons stated above, this Court respectfully recommends granting in part and denying in part plaintiff's motion for default judgment.  This Court recommends that the District Court:  (1) grant plaintiff's motion for default judgment declaring that defendants are liable under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL; (2) issue an injunction with the terms described above; and (3) award plaintiff $1,000 in compensatory damages, $500 in statutory damages, $1,783.27 in attorney's fees, and $635.93 in costs.

This Court further recommends that the District Court:  (1) deny plaintiff's request for punitive damages; and (2) deny class-wide relief.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendants, and to file proof of service with the Court.  Any objections to the recommendations made in this Report must be filed with the Honorable Ann M. Donnelly within 14 days after the filing of this Report and Recommendation and, in any event, on or before **January 24, 2022**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to

appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
       January 10, 2022

                                   s/ James R. Cho
                                   James R. Cho
                                   United States Magistrate Judge